OPINION OF THE COURT
HARDIMAN, Circuit Judge.
Bing Wang petitions for review of the Board of Immigration Appeals’s (BIA) denial of her motion to reopen deportation proceedings.[1] In denying the motion, the BIA held it cannot reopen proceedings based on ineffective assistance of counsel that occurs after the conclusion of administrative proceedings. We will affirm, albeit on other grounds.
I.
Because we write for the parties alone, we recount only the essential facts and procedural history.
Wang arrived in the United States in June 2006 and the next month was served with a Notice to Appear, charging her as removable under § 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act. After conceding removability, Wang applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). In support of her application, Wang stated that after the birth of her son Chinese authorities had inserted an intrauterine contraceptive device into her against her will. Wang also asserted that she had a private doctor remove the IUD, she became pregnant once again, and family-planning officials found her and forcibly aborted the pregnancy.
A hearing on Wang’s asylum application was held before an Immigration Judge (IJ). Noting several inconsistencies in Wang’s testimony, the IJ found her story to be not credible, denied her application for asylum, withholding of deportation, and protection under CAT, and ordered that she be removed. Wang appealed to the BIA, which agreed with the IJ’s conclusions and dismissed the appeal.
Pursuant to 8 U.S.C. § 1252(b)(1), Wang had 30 days from the BIA’s decision to petition this Court for review. She attempted to do so, but her attorney erroneously sent her petition to the BIA instead of the Clerk of this Court. The BIA recognized the error and returned the documents to Wang’s counsel, but by the time counsel received them the 30-day statutory deadline had expired. As Wang concedes, the timely filing of a petition for review of a BIA decision is a precondition to our jurisdiction over such a petition. See McAllister v. Att’y Gen., 444 F.3d 178, 185 (3d Cir.2006). Consequently, the error by Wang’s counsel precluded judicial review of the BIA’s denial of her asylum application.
After obtaining new counsel, Wang filed a timely motion with the BIA to reopen proceedings and reissue its opinion, so that she could file a new, timely petition for review in this Court.[2] She argued that the ineffective assistance of her first counsel in filing her initial petition justified such a reopening. The BIA concluded that it could reopen proceedings based on ineffective assistance of counsel only if the inef *890 fectiveness occurred in proceedings before an IJ or the BIA itself. Because Wang’s attorney’s error occurred after the IJ had ordered her removed and the BIA had dismissed her appeal, the BIA denied the motion to reopen.
Wang now timely petitions this Court for review of the BIA’s order denying her motion to reopen, which qualifies as a “final order of deportation,” see Korytnyuk v. Ashcroft, 396 F.3d 272, 280 (3d Cir.2005). Accordingly, we have jurisdiction over Wang’s petition pursuant to 8 U.S.C. § 1252(a)(1).
II.
8 U.S.C. § 1229a(c)(7)(A) permits an alien to file one motion to reopen her immigration proceedings. Subparagraph (B) provides that such a motion “shall state the new facts that will be proven at a hearing to be held if the motion is granted.” This requirement is echoed by 8 C.F.R. § 1003.2(c)(1), which further requires that “[a] motion to reopen proceedings shall not be granted unless it appears to the Board that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing.”
We have held “that a claim of ineffective assistance, if properly established, could constitute proper grounds for reopening an exclusion proceeding.” Lu v. Ashcroft, 259 F.3d 127, 132 (3d Cir.2001).[3] Specifically, “[a] claim of ineffective assistance of counsel in removal proceedings is cognizable under the Fifth Amendment — i.e., as a violation of that amendment’s guarantee of due process.” Fadiga v. Att’y Gen., 488 F.3d 142, 155 (3d Cir.2007) (citations omitted). To prove such a claim, an alien “must show that (1) he was ‘prevented from reasonably presenting his case’ and (2) that ‘substantial prejudice’ resulted.” Id. at 155 (quoting Khan v. Att’y Gen., 448 F.3d 226, 236 (3d Cir.2006)). Although our overall review of the BIA’s denial of a motion to reopen is for an abuse of discretion, “we review de novo the Board’s determination of an underlying procedural due process claim.” Fadiga, 488 F.3d at 153.
Here, it is undisputed Wang’s former counsel made a serious mistake. Nevertheless, the BIA denied Wang’s motion to reopen, holding that it is authorized to reopen proceedings to remedy ineffective assistance only when the petitioner was “prevented from reasonably presenting his case” to the BIA itself, or to an IJ. Because Wang did not claim that her counsel was ineffective during the actual proceedings before the IJ and the BIA, the BIA concluded it had no power to reopen them. In this appeal, we need not decide this apparently novel question of law, because even assuming, arguendo, that the BIA were wrong on this question, Wang has failed to show that she was substantially prejudiced by her counsel’s deficient performance.
To establish prejudice, an alien “must ... show that there was a ‘reasonable likelihood that the result would have been different if the error[s] ... had not occurred.” Id. at 159 (alterations in original) (quoting U.S. v. Charleswell, 456 F.3d 347, 362 (3d Cir.2006)). “An alien ‘need not show that counsel’s deficient performance more likely than not altered the outcome in the case[;] rather, he must show only a probability sufficient to undermine confidence in the outcome. This standard is not a stringent one.” Rranci v. Att’y Gen., *891 540 F.3d 165, 176 (3d Cir.2008) (alteration in original) (quoting Fadiga, 488 F.3d at 161). Here, Wang offers no argument whatsoever that, if we were to review the merits of the BIA’s decision,[4] we would reverse its adverse credibility determination. In our review of an order of removal, “the administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.” 8 U.S.C. § 1252(b)(4)(B). Wang makes no attempt to explain how or why the BIA’s adverse credibility finding was flawed under that standard.
Indeed, our own review of the record demonstrates that inconsistencies in Wang’s story on which the BIA grounded its credibility findings are real, and remain unexplained. For example, before the IJ Wang vacillated over whether the alleged involuntary IUD implantation occurred in 1999 or 2005. See A.R. at 165-67. She also failed to explain why her husband did not come to the United States with her, or her claim that her husband is “in hiding” for fear of family planning officials, despite the fact that he stated where he lives in his affidavit to the IJ[5] and does not mention being required to hide. A.R. at 208-11, 268-69. These inconsistencies, as well as others noted by the BIA, suffice to support an adverse credibility finding. See 8 U.S.C. § 1158(b)(1)(B)(iii). Therefore, we cannot find that, were we to entertain a petition by Wang on the merits, there is a reasonable probability we would conclude that any reasonable adjudicator would have been compelled to find Wang credible and grant her application.
III.
For the foregoing reasons, we will deny Wang’s petition for review.

. Wang’s minor son, Nanxin Chen, is also a petitioner. Because his claim is derivative of Wang's claim, we refer only to Wang.

. Pursuant to 8 U.S.C. § 1229a(c)(7)(C)(i), a motion to reopen must be filed "within 90 days of the date of entry of a final administrative order of removal.”

. Lu was decided under the law that preceded the current § 1229a(c)(7), see id. at 130-31 & n. 1, but we have continued to apply it under the new regime, e.g., Fadiga v. Att'y Gen., 488 F.3d 142, 155 (3d Cir.2007) (citing Lu, 259 F.3d at 131).

. Since “the BIA issued its own decision,” if we were to review the merits of Wang's asylum application, we would "review that decision, and not that of the IJ.” Sheriff v. Att’y Gen., 587 F.3d 584, 588 (3d Cir.2009) (citing Ezeagwuna v. Ashcroft, 301 F.3d 116, 126 (3d Cir.2002)).

. See Aff. of Xiong Chen, A.R. at 268 ("My name is CHEN, Xiong.... I live at 39 Min-deng Road Xiatang Village. ■■■’’) In her testimony before the IJ Wang confirmed that this was her and her husband's home address, but insisted that her husband was not there. A.R. at 210.